DAVID J. COHEN, ESQ.
California Bar No. 145748
CLINT C. CHRISTOFFERSEN, ESQ.
California Bar No. 315827
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Claimant **John Clark**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>ALEX MILLER,<br><br>Defendant. | Case No. 3:15-cr-00127-EJD<br><br>**MR. MILLER'S SUPPLEMENT TO HIS SENTENCING MEMORANDUM**<br><br><br><br>Date: February 1, 2021<br>Time: 1:30 P.M.<br>Crtrm: 4 |

I.

**BACKGROUND**

This case began more than seven years ago, and has developed an extensive record since its initiation, as demonstrated by its 734-item docket.  Given the scope of this history, Mr. Miller will not belabor its description herein and will, instead, focus only on the developments most relevant to the present posture of the case.

///

On September 27, 2018, defendant Alex Miller filed a sentencing memo with the Court addressing various supporting a downward variance to a probationary sentence. Dkt. #656.[1] At that time, the matter was before the Honorable William H. Orrick. *See* Dkt. #659. The purpose of the instant memorandum is to provide supplemental information regarding events that have transpired since the time of the original sentencing memo.

On October 4, 2018, Judge Orrick continued the sentencing hearing "to allow defendant additional time to demonstrate his commitment to sobriety." Dkt. # 659. A few months later, the case was transferred to the Honorable Edward J. Davila, before whom it remains today. Dkt. # 690.

The purpose of this transfer was to allow Mr. Miller to commence participation in ATIP (Alternative to Incarceration Program),[2] which is supervised by Judge Davila. Dkt. #702. One purpose of ATIP is to allow "the Probation Office [to] provide[] a seamless transition to supervision" when the ATIP-successful defendant is placed on probation. *See Diversion and Alternatives to Incarceration Program (formerly CAP)*, U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, available at https://cand.uscourts.gov/about/court-programs/diversion-alternatives-to-incarceration-program-atip/ (accessed Jan. 22, 2021).

Unfortunately, Mr. Miller's time in ATIP was not successful, and he was terminated from the program on June 17, 2020. However, this Court permitted Mr. Miller to pursue addiction treatment through Center Point, a private, residential treatment program. At the time, the Court indicated to the parties that it would view completion of the Center Point program

---

[1] Mr. Miller hereby incorporates this sentencing memorandum by reference.

[2] At the time of the transfer, this program was known as CAP (the Conviction Alternatives Program).

MR. MILLER'S SUPPLEMENT TO HIS SENTENCING MEMORANDUM
*U.S. v. Miller;*
Case No. 3:15-CR-00127-EJD

as a substitute for ATIP. Mr. Miller successfully completed treatment at Center Point on September 15, 2020, and has maintained his sobriety since mid-June, 2020.

At a sentencing hearing before this Court on September 22, 2020, defense counsel explained its position that the time had come for sentencing. However, the Court was not prepared to sentence Mr. Miller at that time. Instead, the Court wished to see Mr. Miller maintain his sobriety for a longer period prior to sentencing. The Court also requested an update from Pretrial Services for it to consider prior to sentencing. Dkt. #732. That report was produced on November 6, 2020. There, PTS explained that Mr. Miller had been attending weekly NA meetings, providing written verification of his attendance, as well as continuing his substance abuse and mental health counseling. PTS further explained that Mr. Miller had been wearing UA patches, all of which had come back negative. Informational Memorandum, Gustavo Rangel, U.S. Pretrial Services, dated November 6, 2020.

The parties returned to Court on November 9, 2020. At that time, this Court was still not yet prepared to sentence Mr. Miller, instead requesting a revised pre-sentence report from the Probation Office. Dkt. #734. This report was produced on January 15, 2021. Dkt. #739. Therein, Probation noted that Mr. Miller has consistently tested negative for drug use since mid-June, 2020, and that his pretrial officer describes Mr. Miller has having "taken full responsibility for using Valium and accepted responsibility for .his own sobriety." Dkt. #739, p. 31, ¶ 143.

The matter is now set for sentencing on February 1, 2021.

///

MR. MILLER'S SUPPLEMENT TO HIS SENTENCING MEMORANDUM
*U.S. v. Miller;*
Case No. 3:15-CR-00127-EJD

## II.

## MR. MILLER HEREBY REITERATES HIS REQUEST FOR A PROBATIONARY SENTENCE

In his original sentencing memo, Mr. Miller requested a probationary sentence. Dkt. #656. Mr. Miller hereby reiterates that request.

Since the filing of his initial sentencing memorandum, Mr. Miller has successfully completed a treatment at a residential treatment facility and has maintained his sobriety for more than seven months. Over that time, he also has not suffered any additional arrests nor had any issues whatsoever with his supervision by Pretrial Services. All told, two years and three months have passed since Judge Orrick first continued sentencing "to allow [Mr. Miller] additional time to demonstrate his commitment to sobriety." Dkt. #659. While Mr. Miller's sobriety has suffered setbacks, he has now demonstrated his commitment thereto, not only by remaining sober, but by continuing participation in NA and counseling, for seven months. Over the past few months, the Court has obtained up-to-date reports from Pretrial Services and the Probation Office, neither of which contain information that would warrant further delay of Mr. Miller's sentencing.

Of course, Mr. Miller's recent, commendable efforts to maintain his sobriety are not all that matter. It is equally, if not more, important that he continue to do so. Sentencing Mr. Miller to a probationary sentence at this time is consistent with that goal. Following such a sentence, Mr. Miller would be supervised at least as closely as he is now, and could be subject to any terms this Court might see fit to address any concerns regarding Mr. Miller remaining sober, safe, and compliant with the law.

///

## III.

## **CONCLUSION**

For all the reasons stated herein and in Mr. Miller's initial sentencing memorandum, this Court should sentence Mr. Miller to a three-year probationary term.

                                             Respectfully submitted,

                                             **BAY AREA CRIMINAL LAWYERS, PC**

Dated: January 22, 2021                                By:/s/  David J. Cohen
                                                                    DAVID J. COHEN, ESQ.
                                                             Attorneys for Claimant **Alex Miller**