DAVID J. COHEN, ESQ.
California Bar No. 145748
CLINT C. CHRISTOFFERSEN, ESQ.
California Bar No. 315827
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Alex Miller**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br><br><br>ALEX MILLER,<br><br>　　　　　Defendant. | Case No. 3:15-cr-00127-EJD<br><br>**MR. MILLER'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM**<br><br><br><br>Date: February 1, 2021<br>Time: 1:30 P.M.<br>Crtrm: 4 |

I.

### THE GOVERNMENT DOES NOT RECOMMEND A CUSTODIAL SENTENCE

The Government's sentencing memorandum says much about its concern regarding Mr. Miller's employment status (discussed in more detail below), but what is most important is what it does not say: nowhere does the Government recommend that Mr. Miller be sentenced to BOP custody. This is consistent with Probation's recommendation of and Mr. Miller's request for immediate entry into probation. Dkt. #739, pp. 3, 39, 43 (recommending a custodial sentence of three months, for which Mr. Miller has already attained sufficient credits to satisfy, such that he would, upon sentencing, immediately begin a three-year supervised release term);

Dkt. #742, pp. 4-5 (indicating Mr. Miller's request for a probationary sentence). Thus, this Court has received three reports regarding Mr. Miller's potential sentence, none of which recommend that Mr. Miller be placed into BOP custody. The consistency of these reports weighs heavily in favor of this Court sentencing Mr. Miller either to a three year term of probation or a sentence of time already served followed by a three year period of supervised release.

## II.

### THE GOVERNMENT'S CONCERNS REGARDING MR. MILLER'S EMPLOYMENT STATUS DO NOT JUSTIFY PLACING MR. MILLER INTO BOP CUSTODY

In its sentencing memo, the only consideration identified by the Government that might support a custodial sentence is Mr. Miller's "continuing history of unemployment." Dkt. 741, pp. 4-5. The government asserts that because his "conviction suggests distribution of drugs for money," Mr. Miller "continues to present a moderate risk to recidivate based on his history of unemployment." Dkt. 741, p. 5.

However, Mr. Miller's inconsistent employment history does not support placement into BOP custody for the simple reason that this issue can be addressed by the conditions of Mr. Miller's probation. Indeed, the requirement that defendants "[w]ork regularly at a lawful occupation" is a "standard condition of supervision" in the Northern District of California. *United States v. Pollock* (N.D.Cal. Oct. 9, 1992, Case No. CR-92-120-RHS) 1992 U.S.Dist.LEXIS 16016, at *4; *see also United States v. Gaebler* (N.D.Cal. May 6, 1999, No. CR-98-0087 MAG) 1999 U.S.Dist.LEXIS 6474, at *2; *United States v. Lavergne* (N.D.Cal. Dec. 22, 1997, Case No. CR-89-0598 MHP) 1997 U.S.Dist.LEXIS 20875, at *4-5; *United States v. Wilkens* (N.D.Cal. Dec. 22, 1997, Case No. CR-96-0004 MHP) 1997 U.S.Dist.LEXIS

20823, at *4; *United States v. Tyler* (N.D.Cal. Oct. 10, 1997, Case No. CR-96-0354 MHP) 1997 U.S.Dist.LEXIS 15884, at *5; *United States v. Bonanno* (N.D.Cal. 1978) 452 F.Supp. 743, 745, fn. 3.

      This Court is certainly capable of imposing this standard term, as well as any other special conditions that might further ensure Mr. Miller maintains steady employment while on probation. Meanwhile, the United States Probation Office is certainly capable of monitoring Mr. Miller's employment and economic status, and working to ensure that he does not remain in some financial position that might motivate him to return to the drug trade, be it through lawful employment, receipt and proper use and management of government benefits, support from friends and family, or some combination thereof.

      Ultimately, then, Mr. Miller's employment status is not a reason to place him in BOP custody, but, instead, simply represents a factor that can be properly dealt with through the terms of Mr. Miller's probation or supervised release, as is the case for most, if not all, probationers in this district.

///

### III.

### CONCLUSION

For all the reasons stated in Mr. Miller's initial sentencing memorandum, his supplement thereto, and herein, this Court should sentence Mr. Miller to a three-year probationary term or to a sentence of time already served of 90 days followed by a three-year period of supervised release.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: January 29, 2021           By: /s/ David J. Cohen
                                       DAVID J. COHEN, ESQ.
                                  Attorneys for Defendant **Alex Miller**

MR. MILLER'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM
*U.S. v. Miller;*
Case No. 3:15-CR-00127-EJD

4